The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| GERALD E. BRODE, II & | ) |
| KELLY ANN BRODE, | ) CASE NO. 09-64821 |
| | ) |
| Debtors. | ) ADV. NO. 10-6032 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| ANTHONY J. DEGIROLAMO | ) |
| | ) |
| Plaintiff, | ) |
| v | ) |
| | ) |
| SUNTRUST MORTGAGE, INC. et al., | ) |
| | ) |
| Defendants. | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |

On July 15, 2010, defendant Suntrust Mortgage, Inc. ("Suntrust") filed a motion for summary judgment. This motion is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in

electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The relevant facts in this case are not in dispute. On February 24, 2003, debtors Gerald E. Brode, II and Kelly Anne Brode ("debtors") executed a mortgage in favor of Suntrust on their real property known as 753 Crabapple Court, Wooster, OH 44691 ("property"). The mortgage contains the following acknowledgment:



On October 20, 2009, Suntrust filed a foreclosure action against the property as case number 09-CV-0788 in the Wayne County Court of Common Pleas and requested service on the defendants. The debtors filed a chapter 7 petition on November 18, 2009. On June 4, 2010, chapter 7 trustee Tony J. DeGirolamo ("trustee") filed an amended complaint containing five Counts to avoid the mortgage as defectively acknowledged.[1] Suntrust now seeks summary judgment against the trustee on all five counts.

## SUMMARY JUDGMENT STANDARD

The procedure for granting summary judgment is found in Federal Rule of Civil Procedure 56(c), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7056, which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[1] On June 17, 2010, the parties entered a stipulation that the Wayne County Treasurer has a first priority tax lien on the property.

In this case, no material facts are in dispute. Thus, summary judgment is appropriate.

## LAW AND ANALYSIS

The Court assumes without deciding that the mortgage is defective. Nevertheless, the Court concludes that Suntrust is entitled to summary judgment against the trustee on all five counts of the amended complaint.

### A. *Count I of the Amended Complaint: 11 U.S.C. 544(a)(1)*

Count I of the trustee's amended complaint seeks to avoid Suntrust's interest in the property pursuant to 11 U.S.C. § 544(a)(1), which provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists . . . .

Section 544(a)(1) allows the trustee to avoid any interest that could have been voided by a creditor that obtained a judicial lien on all of the debtor's property at the moment before the bankruptcy was filed. Musso v. Ostashko (In re Ostashko), 468 F.3d 99, 105 (2d Cir. 2006).

Assuming that the mortgage is defective, Suntrust holds an equitable mortgage in the property. Simon v. Chase Manhattan Bank (In re Zaptocky), 322 B.R. 76, 83 (B.A.P. 6th Cir. 1999), aff'd, 250 F.3d 1020 (6th Cir. 2001) ("Where a grantee has given consideration but legal title was not conveyed because of defects in execution, the grantee obtains an equitable interest in the real property."). An equitable mortgage in not avoidable by a judicial lien creditor. Id. at 83 ("[J]udicial lien creditors cannot be considered bona fide purchasers for value and thus are [unprotected] against defectively executed conveyances.").

Accordingly, summary judgment in favor of Suntrust is granted on Count I of the amended complaint.

### B. *Count II of the Amended Complaint: 11 U.S.C. § 544(a)(3)*

Count II of the amended complaint asserts that the trustee may avoid Suntrust's equitable

3

mortgage pursuant to 11 U.S.C. § 544(a)(3), which provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Under section 544(a)(3), the trustee can avoid any interest that could have been voided by a bona fide purchaser of the debtor's real property who perfected his interest at the moment before the bankruptcy case was filed. Midatlantic National Bank v. Bridge (In re Bridge), 18 F.3d 195, 204 (3rd Cir. 1994). The phrase "without regard to knowledge" refers only to actual knowledge. It does not immunize the trustee against constructive knowledge. Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1027–28 (6th Cir. 2001).

The rights of a bona fide purchaser are determined by applicable state law. Owens-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.), 887 F.2d 1158, 1159 (6th Cir. 1993). In Ohio, the applicable law is Ohio Revised Code § 5301.25(A), which provides that

> [a]ll deeds, land contracts . . . and instruments of writing properly executed for the conveyance or encumbrance of lands . . . shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, *no knowledge of the existence of such former deed or land contract or instrument.*

(emphasis added). Section 5301.25(A) allows a bona fide purchaser to avoid a mortgage unless he has actual or constructive notice. Zaptocky, 250 F.3d at 1024. Because section 544(a)(3) immunizes the trustee to actual notice, he can avoid a mortgage unless he has constructive notice. Treinish v. Norwest Bank Minnesota (In re Periandri), 266 B.R. 651, 656 (B.A.P. 6th Cir. 2001).

Suntrust argues that, even if the mortgage is defective, the trustee received constructive notice of Suntrust's equitable mortgage pursuant to Ohio's lis pendens statute, Ohio Revised Code § 2703.26. Section 2703.26 provides that "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." A valid lis

4

pendens requires three elements: "(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings." Beneficial Ohio, Inc., v. Ellis, 902 N.E.2d 452, 454–55 (Ohio 2009). A valid lis pendens provides notice to all the world of the parties' interests in the property that is the subject matter of the lawsuit. Id. (citing Periandri, 266 B.R. at 656). "It is immaterial [whether] a purchaser [is] a *bona fide* purchaser and for a valuable consideration." Id. at 454 (italics in original).

The Court agrees with Suntrust that the trustee cannot avoid Suntrust's equitable mortgage because of constructive notice imputed by section 2703.26. The trustee does not dispute that all of the elements of a valid lis pendens are met. Furthermore, the Bankruptcy Appellate Panel for the Sixth Circuit's ("BAP's") decision in Periandri is directly on point. The relevant facts in Periandri were identical to the present case: a mortgagee filed a foreclosure action; the debtor filed bankruptcy; the trustee filed a complaint to avoid the mortgage pursuant to section 544(a)(3); and the mortgagee contended that the trustee's avoidance action was barred by lis pendens. Periandri, 266 B.R. at 653–54. The BAP concluded that section 2703.26 provided the trustee with constructive notice of the equitable mortgage, thus defeating his section 544(a)(3) avoidance action. Id. At least four other bankruptcy court in the Sixth Circuit have followed Periandri. In re Frost, 384 B.R. 781, 785–86 (Bankr. S.D. Ohio 2008); In re Collins, 292 B.R. 842, 849 (Bankr. S.D. Ohio 2003); In re Cleary, 2010 WL 2649949, *6 (Bankr. N.D. Ohio 2010); In re Franklin, 2006 WL 3876501, *2 (Bankr. E.D. Ky. 2006).

The trustee points out that this Court regards BAP decisions as persuasive but not binding authority. In re Terell, 2009 WL 1586653, *6 (Bankr. N.D. Ohio 2009). The trustee contends that this Court should not follow Periandri because it was wrongly decided. Instead, the trustee argues that the Court should follow the reasoning of Hunter v. Bank of New York (In re Anderson), 266 B.R. 128 (Bankr. N.D. Ohio 2001), which was decided before Periandri.

As in Periandri, the facts in Anderson were identical in all relevant respects to the facts here. However, in Anderson, the Court found that lis pendens could not prevent the trustee from applying his strong-arm powers for two reasons. First, the court reasoned that because equitable mortgages exist to prevent unjust enrichment they should not be applied against innocent third parties, including trustees in bankruptcy. Id. at 135–36. Second, the court reasoned that the "without any knowledge" language in section 544(a)(3) should be interpreted to include constructive knowledge imputed by Ohio's lis pendens statute. The court found that such an interpretation would prevent section 544(a)(3) from being swallowed by a broad definition of constructive notice under Ohio law. Id. at 138.

If this Court were writing on a blank slate, it might side with Anderson. However, the Court's reasoning in Anderson is inconsistent with the Sixth Circuit Court of Appeal's more recent discussion in Zaptocky. In that case, the court stated that "a bona fide purchaser may only avoid an improperly executed mortgage under Ohio law if he does not have . . . constructive knowledge of that transaction" and that "the Bankruptcy Code's strong arm clause does not

5

immunize a trustee who has constructive knowledge of a prior mortgage . . . ." Zaptocky, 250 F.3d at 1027. These statements undermine the viability of Anderson. In addition, the Court notes that every bankruptcy court in the Sixth Circuit that has considered the issue has followed Periandri and that Periandri has been cited favorably by the Ohio Supreme Court. As such, it appears that Periandri is the law of the land.

Accordingly, summary judgment on Count II of the amended complaint is granted.

C. *Counts III and IV of the Amended Complaint: 11 U.S.C. 544(b)(1)*

Counts III and IV of the amended complaint argue that the trustee may avoid Suntrust's interest in the mortgage pursuant to 11 U.S.C. § 544(b)(1), which states in relevant part that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." In order to avoid a transfer under section 544(b)(1), the trustee must prove by a preponderance of the evidence that there is a "(1) creditor, (2) holding an allowable unsecured claim; and (3) a transfer of an interest of the debtor in property, (4) that is voidable under state law." Lyon v. Eiseman (In re Forbes), 372 B.R. 321, 330 (B.A.P. 6th Cir. 2007).

As Suntrust points out, the trustee has failed to identify a theory that would void Suntrust's equitable mortgage under state law. The Court also notes that the trustee has failed to identify an unsecured creditor with an allowable claim.

Accordingly, summary judgment is granted on Counts III and IV of the amended complaint.

D. *Count V of the Amended Complaint: 11 U.S.C. § 502*

Count V of the amended complaint alleges that Suntrust's claim on its equitable mortgage is not allowable under 11 U.S.C. § 502(b)(1), which states that a claim is allowable unless "such claim is unenforceable against the debtor and property of the debtor . . . ." For the reasons discussed above, the Court finds that the trustee has not met his burden of showing that Suntrust's equitable mortgage is unenforceable.

Accordingly, summary judgment is granted on Count V of the amended complaint.

An order will issue with this opinion.

\#   \#   \#

6

Service List:

Anthony J. DeGirolamo
c/o Chrysanthe E. Vassiles, Esq.
Black, McCuskey, Souers & Arbaugh
220 Market Ave., S., Suite 1000
Canton, OH 44702

Chrysanthe E Vassiles
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

SunTrust Mortgage, Inc.
c/o Statutory Agent
CSC - Lawyers Incorporating
Service (Corporation Service Company)
50 West Broad Street, Suite 1800
Columbus, OH 43215

David A. Freeburg
McFadden & Freeburg Co., L.P.A.
#600
1370 Ontario St
Cleveland, OH 44113

Monica E. Russell
McFadden & Freeburg Co., L.P.A.
1370 Ontario Street
Suite 600
Cleveland, OH 44113

Mortgage Electronic Systems, Inc.
as nominee for Capital One Home Loans
c/o Statutory Agent
CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

Wayne County Auditor/Treasurer
c/o Wayne County Prosecutor
115 West Liberty Street
Wooster, OH 44691

Latecia Eileen Wiles
Wayne County Prosecutor's Office
115 W. Liberty St.
Wooster, OH 44691

Kelly Ann Brode
753 Crabapple Crt
Wooster, OH 44691

Steven H. Patterson
Lerner Sampson & Rothfuss
PO Box 5480
Cincinnati, OH 45201-5480

Douglas L. Thrush
13 Park Avenue, West
Suite #314
Mansfield, OH 44902